**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TAMMY THOMPSON**                                                              **Plaintiff**

**v.**                                                    **CIVIL ACTION NO. 3:10CV91-M-A**

**HOLLY SPRINGS POLICE DEPARTMENT**
**and CITY OF HOLLY SPRINGS, MISSISSIPPI**                    **Defendants**

**VERDICT**

This court served as the trier of fact in the April 9, 2012 bench trial in the above-entitled action. Having considered the testimony and exhibits at that trial, the court is now prepared to render its verdict.

This is a Fair Labor Standards Act (FLSA) case in which plaintiff seeks recovery for overtime work which she performed while working as a Holly Spring police officer between 2007 and 2009. Defendants do not dispute that *some* recovery under the FLSA is appropriate in this case, but they dispute the amount of damages to which plaintiff is entitled. The trial in this matter was a very brief affair, lasting approximately three hours, during which this court heard testimony from plaintiff and also from certain employees of defendants. Unfortunately, two of defendants' employees who might have been in a best position to provide testimony in this case died prior to trial. These deceased employees served as plaintiffs' former supervisors, and, in their absence, the plaintiff provided what this court regards as the only reliable proof regarding the amount of overtime which she worked.

While plaintiff's testimony may be regarded as self-serving, this court nevertheless found

it to be credible. Plaintiff prepared what this court found to be thorough calculations of the amount of overtime which she worked, and, significantly, defendants chose not to introduce proof at their disposal which might have rebutted those calculations. In particular, defendants did not introduce certain work logs which, the testimony at trial established, should have indicated when plaintiff was taking a lunch break. The number and extent of any such lunch breaks was a central factual dispute in this case, since plaintiff testified that she routinely worked from 8 am to 5 pm. The court finds that plaintiff made careful and diligent efforts to present her proof in this regard, and, to reiterate, defendant failed to introduce evidence which might have rebutted that proof.

In light of the foregoing, the court finds that plaintiff is entitled to recover FLSA damages in the amount of $6,000. The court finds that plaintiff failed to present proof establishing the existence of a "willful" FLSA violation, and it therefore declines to award liquidated damages in this case. The court presumes that plaintiff will be entitled to recover attorneys' fees in this case, and she may, of course, file a post-trial motion seeking same.

SO ORDERED, this the 27th day of April, 2012.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**